Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Leann Harris; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Nelson, Watson & Associates, LLC; | |
| Defendant. | (Jury Trial Demanded) |

**I.   Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA").  Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's fees.

## II.   Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce

or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §§ 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.   PARTIES

9. Plaintiff is an individual residing in Pinal County, Arizona.

10. Plaintiff is obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).

11. Defendant Nelson, Watson & Associates, LLC, ("Nelson Watson") is a Massachusetts limited liability

1      company doing business within the state of Arizona
2      as a collection agency.
3  12. Nelson Watson is licensed as a collection agency by
4      the Arizona Department of Financial Institutions,
5      license number 0910085.
6  13. Nelson Watson collects or attempts to collect debts
7      owed or asserted to be owed or due another.
8  14. In the alternative, Nelson Watson collects or
9      attempts to collect debts it has purchased or
10     acquired after default.
11 15. Nelson Watson is a "debt collector" as that term is
12     defined by FDCPA § 1692a(6).
13                **V.   FACTUAL ALLEGATIONS**
14 16. Prior to 2010, Plaintiff opened a credit card
15     account with Capital One.
16 17. The Capital One credit card was used for personal,
17     family or household purposes.
18 18. In or about 2009, due to loss of employment,
19     Plaintiff began making reduced payments of $25 per
20     month to Capital One on the credit card account.
21 19. However, in late 2010, Capital One asserted that
22     Plaintiff was in default on her Capital One credit
23     card payments, and hired or assigned the credit card
24     debt to Nelson Watson for collection purposes.
25 20. On or about February 21, 2011, Nelson Watson mailed

-4-

1    or caused to be mailed a letter to Plaintiff
2    concerning the Capital One debt.
3   21. About that same time, Nelson Watson began a campaign
4    of calling Plaintiff and third parties concerning
5    Plaintiff's Capital One debt.
6   22. On or about February 16, 2011, Nelson Watson
7    telephoned Plaintiff to discuss the Capital One
8    debt.
9   23. Plaintiff answered the phone and explained that she
10   had been making $25 payments to Capital One each and
11   every month.
12  24. Nelson Watson asked Plaintiff to give them two
13   friend's phone numbers to call should it not be able
14   to get a hold of Plaintiff.
15  25. Understanding that Nelson Watson would only call
16   these numbers if they could not reach Plaintiff,
17   Plaintiff gave Nelson Watson the names and phone
18   numbers of two friends.
19  26. The very next day, Nelson Watson called Plaintiff's
20   friend Marsha and left a message with Marsha to tell
21   Plaintiff that Glen had called looking for her.
22  27. Nelson Watson has called Marsha two or three times
23   concerning Plaintiff and the Capital One debt.
24  28. Nelson Watson also began calling Plaintiff's friend
25   Marissa about the Capital One debt.

29. Nelson Watson has called Marissa approximately every day for nearly two months.
30. On February 18, 2011, Nelson Watson left a message on Plaintiff's voice mail in which it failed to identify that the call was from Nelson Watson, or that the purpose of the call was to collect a debt.
31. On March 10, 2011, Nelson Watson's collector left another message on Plaintiff's voice mail stating that he had spoke with "Greg" yesterday, but did not identify that he was calling from Nelson Watson, or that the purpose of the call was to collect a debt.
32. Plaintiff returned the call on the 10th or 11th not knowing she was calling Nelson Watson.
33. During the call, Plaintiff asked the collector who "Greg" was.
34. The Nelson Watson collector told Plaintiff that they had talked "with Greg, your husband."
35. Plaintiff told the collector that Greg was not her husband and that she had not been married for four years.
36. Plaintiff also told the collector that she was afraid of her ex-husband, and of being hurt if he learned of her current address.
37. Plaintiff explained that her ex-husband was not a signor on the Capital One account, and that the debt

was incurred after the parties divorced.
38. Plaintiff later spoke with her son who told her that "Dad wants to know why a collection agency calling him about your debt."
39. The son also told Plaintiff that "Dad said that you owe $2,000."
40. The fact that Nelson Watson called her ex-husband caused considerable emotional distress because of his prior threats and abuse.
41. As a result of Defendant's actions as set forth herein, Plaintiff has suffered actual damages, including embarrassment, stress, worry, sleeplessness, upset stomach, and other emotional distress.
42. Nelson Watson's actions set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.
43. In the alternative, Nelson Watson's actions were negligent.

## VI.  Causes of Action

### a.  Fair Debt Collection Practices Act

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
45. Defendant's violations of the FDCPA include, but are

not necessarily limited to, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692g.

### VII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages in amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

DATED   April 12, 2011   .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com
Attorney for Plaintiff

- 8 -